| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF FLORENCE<br><br>Compassion Church Florence, Inc.,<br><br>      Plaintiff,<br><br>  vs.<br><br>Brotherhood Mutual Insurance Services, LLC,<br><br>      Defendant. | IN THE COURT OF COMMON PLEAS<br>TWELFTH JUDICIAL CIRCUIT<br><br><br>SUMMONS<br>(Jury Trial Requested) |

TO THE DEFENDANT(S) ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at 814 West Evans Street, Post Office Box 1317, Florence, South Carolina, 29503 within thirty (30) days from the service hereof, exclusive of the date of such service; and in case of the failure to do so, judgment by default will be rendered against you for the relief demanded in the Complaint.

June 18, 2021
Florence, South Carolina

            s/Gary I. Finklea  S.C. Bar # 66174
            Gary I. Finklea
            814 W. Evans Street (29501)
            Post Office Box 1317
            Florence, SC 29503-1317
            Telephone: (843) 317-4900
            Fax: (843) 317-4910
            Email: gfinklea@finklealaw.com
            ATTORNEY FOR PLAINTIFF

ELECTRONICALLY FILED - 2021 Jun 18 4:43 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2101345

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF FLORENCE<br><br>Compassion Church Florence, Inc.,<br><br>                Plaintiff,<br><br>    vs.<br><br>Brotherhood Mutual Insurance Services, LLC,<br><br>                Defendant. | IN THE COURT OF COMMON PLEAS<br>TWELFTH JUDICIAL CIRCUIT<br><br><br>COMPLAINT<br>(Jury Trial Requested) |

The Plaintiff, complaining of the Defendant herein, would respectfully show unto the Court the following:

1. The Plaintiff is a corporation organized and existing pursuant to the laws of the State of South Carolina. Heretofore, the Plaintiff was formerly known as Christian Assembly Church, Inc. but the Articles of Incorporation were amended in 2019 noting a name change to Compassion Church Florence, Inc.

2. The Defendant, Brotherhood Mutual Insurance Services, LLC, is corporation organized and existing pursuant to the laws of one of the States of the United States and owns property and transacts business in the County of Florence, State of South Carolina. Specifically, the Defendant insures property owned by the Plaintiff located in Florence County.

3. The property subject to this claim is located at 1501 Siesta Drive, Florence, South Carolina.

4.  At all times stated herein, the Plaintiff purchased as insurance policy from the Defendant and the premiums were paid and the policy was in full force and effect. Specifically, the Plaintiff was insured through Policy Number 701276.

5.  In June 2018, the Plaintiff experienced damages to the roof of the church as a result of hail related storm damage.

6.  In February 2020, the Plaintiff was having a multitude of interior leaks and it was discovered the leaks were caused by hail and wind damage.

7.  A claim was filed with the Defendant on March 6, 2020.

8.  On March 12, 2021, the Defendant dispatched a field adjustor who opined that the main sanctuary incurred wind damage to the shingles and the other building sustained wind and hail damage. The field adjustor noted the damage was sufficient to warrant full roof replacement.

9.  On March 16, 2020, pursuant to the field adjustor's request, satellite measurements of the facilities were provided.

10. On March 30, 2020, the claims adjustor for the Defendant questioned the field adjustor's findings and therefore hired Engineering Design & Testing Corp. (hereinafter "EDT") to lay the groundwork for the adjustor denying the claim.

11. On April 27, 2020, EDT completed their evaluation. On May 15, 2020, EDT completed the report.

12. On May 26, 2020, the Defendant forwarded the engineering report and noted only four (4) wind damage shingles and no hail damage was discovered.

13. On June 4, 2020, communication was made by the Plaintiff to the Defendant on the status of the claim.

ELECTRONICALLY FILED - 2021 Jun 18 4:43 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2101345

14. On June 12, 2020, a written estimate was provided from the Defendant offering to repair approximately four (4) shingles and no other damage.

15. Based upon the unbelievable conduct of the Defendant, on July 31, 2020, the Plaintiff hired an independent entity, Valor Forensics Engineering Service (hereinafter "Valor") to perform an investigation. In addition to the investigation, they prepared a repairability test to determine if the shingles were able to be repaired or then entire roof would need to be replaced.

16. On September 30, 2020, Valor completed their report and submitted the same to the Plaintiff. Valor determined there were multiple areas on roofs, fascia and wall panels where there was significant evidence of hail damage. Additionally, Valor noted wind damage. Per the repairability test, the damaged shingles were not able to be repaired which resulted in a complete roof replacement.

17. On October 2, 2020, the Valor report was sent to the Defendant. Thereafter, a multitude of communication was made to the Defendant including that on October 7 and 8, 2020, and November 6, 9, 13 and 18, 2020. A response was received from the Defendant on December 4, 2020 advising it had received the Valor report and was investigating the matter further. On December 8, 2020, the Defendant advised their position had not changed.

18. On December 29, 2020, a letter was sent to the Defendant with photographs of the original field adjustor's markings noting the significant hail and wind damage to remind the Defendant of the findings of its own inspector and question the Defendant on the accuracy of the information it was relying on. The Plaintiff followed up with the

ELECTRONICALLY FILED - 2021 Jun 18 4:43 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2101345

Defendant on January 14, 19 and 28, 2021 and February 1, 2021 and finally received a response on February 2, 2021 advising the claim had been reassigned.

19. On February 5, 2021, the Plaintiff received a response from the new claims adjustor. The Plaintiff resent the letter which was originally sent on December 29, 2020. Thereafter, the Plaintiff followed up with the Defendant on February 18, 24 and 25 and March 2, 2021. Based upon the Defendant's failure to timely respond, the Plaintiff contacted the insurance broker for assistance. Beginning on March 3, 2021 through the following month, the agent attempted to facilitate some communication between the Plaintiff and Defendant. On April 14, 2021, the Defendant continued to deny the substance of the claim. Thereafter, the Plaintiff in complete frustration and awe of the Defendant's response, sent a certified Proof of Loss on May 10, 2021.

20. The first response received from the Defendant was on May 21, 2021, informing the Plaintiff that the premiums would be increased and that the roof valuation basis would be changed from replacement cost to actual cash value effective June 25, 2021. Then on June 4, 2021, the Defendant mailed a denial letter denying the Proof of Loss.

21. Based upon the Defendant's failure to pay this claim it is contractually and legally obligated to pay, the Plaintiff was compelled to file this litigation.

FOR A FIRST CAUSE OF ACTION
(Improper Claim Practices)
(§38-59-20)

22. As set forth above, the Plaintiff has submitted a property damage claim regarding their home. Although the Plaintiff has submitted a claim their claim has been denied.

23. The Plaintiff is informed and believes the Defendant is engaged in the insurance business and has committed without just cause and performed in such frequency to indicate a

ELECTRONICALLY FILED - 2021 Jun 18 4:43 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2101345

general business practice in one or more of the following acts hereby constituting improper claims practices as defined by S.C. Code App. § 38-59-20 (1989):

a. Knowingly misrepresenting to the insureds pertinent facts of policy provisions relating to coverages at issue and providing deceptive and misleading information with respect to the coverages;

b. Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims;

c. Not attempting in good faith to affect the prompt, fair, and equitable settlement of claim submitted to it in which liability has become reasonably clear;

d. Compelling policy holders to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies; and

e. Other practices and acts constituting an unreasonable delay in paying and unreasonable failure to pay claims arising under coverages provided by its policies.

24. By virtue of the Defendant engaging in improper claims practices, the Plaintiff has lost coverage under their policy of insurance and have sustained substantial compensable losses.

25. Defendant engaging in improper claims practices, the Plaintiff has lost coverage under their policy of insurance and have sustained substantial compensable losses.

26. The Plaintiff is informed and believes the Defendant's actions were taken without reasonable cause and in bad faith and therefore requests all sums available under its policies, reasonable attorney's fees, and costs.

### FOR A SECOND CAUSE OF ACTION
(Liability for Attorney's Fees)
(§ 38-59-40)

27. The Plaintiff realleges each and every relevant allegation set forth above as if fully repeated herein verbatim.

ELECTRONICALLY FILED - 2021 Jun 18 4:43 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2101345

6

28. Pursuant to S.C. Code Ann. § 38-59-40 (Supp. 1995), the Defendant had a duty to pay claims under the Plaintiff's policy of insurance within ninety (90) days after demand.

29. The Plaintiff is informed and believes the Defendant failed to pay claims within the ninety (90) day time period; moreover, the refusal was without reasonable cause and in bad faith.

30. By virtue of the Defendant's unreasonable and bad faith failure to pay insurance claims after demand or within ninety (90) days thereafter, the Plaintiff has lost coverages under their policies of insurance. Plaintiff therefore request all sums recoverable under their policies, reasonable attorney's fees, and costs.

### FOR A THIRD CAUSE OF ACTION
(Breach of Contract)

31. The Plaintiff realleges each and every relevant allegation set forth above as if fully repeated herein verbatim.

32. The Defendant entered into a binding insurance contract with the Plaintiff and issued a contract of insurance providing coverage. The Plaintiff has satisfied all conditions pursuant to the issuance of said policy including the payment of all premiums in a timely fashion and has not allowed the policy to lapse for any reason.

33. By virtue of the damage to the Plaintiff's roof, the Plaintiff has a substantial need for the coverages afforded by the homeowners' policy purchased.

34. Despite the Plaintiffs' claim for the homeowners' policy, the Defendant has failed and refused to properly investigate, process, and pay said claims in a reasonable amount and in a timely fashion, thereby breaching the terms of the insurance contract with the Plaintiff as well as applicable law.

ELECTRONICALLY FILED - 2021 Jun 18 4:43 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2101345

35. As a direct and proximate result of breach of contract by the Defendant, the Plaintiff has been actually damaged.

## FOR A FOURTH CAUSE OF ACTION
(Breach of Contract Accompanied by a Fraudulent Act)

36. The Plaintiff realleges each and every relevant allegation set forth above as if fully repeated herein verbatim.

37. Upon the purchase of the coverage, the Defendant through its agents and servants represented to the Plaintiff that they were entitled to purchase this policy for their protection in the event of roof damage due to the storm event; the Defendant further represented its agents, servants, and employees would promptly investigate and settle claims regarding claims for coverage; that it would attempt in good faith to properly resolve by way of a fair and equitable settlement claims where there is no dispute as to liability; that they would not compel policy holders to institute litigation to obtain coverages purchased under its insurance policy; and that it would conduct all of its activities and transactions with the Plaintiff in good faith.

38. The representations were material to the Plaintiff's actions in this matter.

39. The Defendant knew or should have known its representations were false and made with reckless disregard of its truth or falsity.

40. The Defendant intended for the Plaintiff to rely upon the representations.

41. The Plaintiff had a right to rely upon the representations and in fact did rely upon said representations to their detriment.

42. The Plaintiff did not know said representations were false.

43. The acts and conduct of the Defendant constitute a breach of contract accompanied by a fraudulent act.

44. As a direct and proximate result of the fraudulent breach, the Plaintiff has been actually damaged.

45. The Plaintiff is informed and believes the Defendant's conduct was willful, intentional, with malice toward the Plaintiff, and with reckless disregard for the rights of the Plaintiff; concomitantly, the Plaintiff seeks an award of punitive damages in an amount to be determined by a jury.

FOR A FIFTH CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)

46. The Plaintiff realleges each and every relevant allegation set forth above as if fully repeated herein verbatim.

47. The Defendant entered into a binding contract with the Plaintiff in regard to providing insurance.

48. Pursuant to this contract, there was an implied covenant of good faith and fair dealing which imposed a duty upon the Defendant to act in good faith with the Plaintiff.

49. The Plaintiff is informed and believes the Defendant breached this covenant of good faith and fair dealing by virtue of the conduct specified above.

50. As a result of the Defendant's breach of the covenant of good faith and fair dealing, the Plaintiff has been actually damaged.

FOR A SIXTH CAUSE OF ACTION
(First Party Bad Faith)

51. The Plaintiff realleges each and every relevant allegation set forth above as if fully repeated herein verbatim.

52. By virtue of the insurance contract and banking relationship, a special relationship existed between the parties which imposed a duty on each other to deal fairly, honestly,

ELECTRONICALLY FILED - 2021 Jun 18 4:43 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2101345

in good faith, and not to take any action that would injure the right of the other to receive the benefits of their insurance contract.

53. The Plaintiff is informed and believes the Defendant's conduct has been unreasonable in the following particulars:

   a. The Defendant failed and refused to make an adequate investigation before refusing the Plaintiff's claim for benefits of said policy;

   b. In denying Plaintiff's claim without reasonable basis for the denial;

   c. Unjustified and unreasonable delay in payment of claim;

   d. Engaging in intentional deceptive practices and misrepresentations in regard to insurance coverages;

   e. Wrongful failure to pay benefits;

   f. Failure to adopt and implement reasonable standards for the prompt, fair and equitable investigation and payment of claims;

   g. Not attempting in good faith to effect proper, fair and expeditious payment of claims submitted to it;

   h. Compelling the Plaintiff to institute this lawsuit to recover for coverages due to the Plaintiff; and

   i. Failing to deal with the Plaintiffs in good faith.

54. As a direct and proximate result of the conduct of the Defendant, the Plaintiff has suffered substantial compensable losses including benefits withheld, lost benefits, loss of interest, economic losses such as attorney's fees, interest on borrowing money, out-of-pocket expenses, all to the Plaintiff's detriment and damage.

55. The Plaintiff is informed and believes they are entitled to an award of actual damages.

56. The Plaintiff is informed and believes the Defendant's bad faith conduct was willful, intentional, with malice toward the Plaintiff, and with a reckless disregard for the rights

ELECTRONICALLY FILED - 2021 Jun 18 4:43 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2101345

of the Plaintiff; concomitantly, the Plaintiff seeks an award of punitive damages in an amount to be determined by the jury.

FOR A SEVENTH CAUSE OF ACTION
(Breach of Fiduciary Duty)

57. The Plaintiff realleges each and every relevant allegation set forth above as if fully repeated herein verbatim.

58. By virtue of the insurance policy and banking relationship, a special relationship existed between the Plaintiff and Defendant whereby the Plaintiff placed trust and confidence in the Defendant but by virtue of the tremendous disparity in the economic situation and lack of bargaining power between the parties, domination and influence resulted by the Defendant.

59. By virtue of this fiduciary relationship, the Defendant owed duties to the Plaintiff including, but not limited to, not exerting undue influence or pressure upon the other, fully disclosing information in regard to the claims and coverages provided to the Plaintiffs, promptly processing, investigating, and paying claims, and generally exercising the utmost good faith with the Plaintiff.

60. Upon information and belief, the Defendant have breached its fiduciary duties to the Plaintiff by exerting undue influence on the Plaintiff, by misrepresenting the terms of coverage, in either selling insurance coverage to the Plaintiff which they were not entitled or failing to pay coverages due, failing to disclose information to the Plaintiff, failing to timely process, investigate, and pay claims, and exercising bad faith.

61. By virtue of the Defendant's breach of fiduciary duties, the Plaintiff has been actually damaged.

ELECTRONICALLY FILED - 2021 Jun 18 4:43 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2101345

62. The Defendant's breach of fiduciary duties was willful, intentional, with malice toward the Plaintiff, and with a reckless disregard for the rights of the Plaintiff; concomitantly, the Plaintiff is informed and believes they are entitled to an award of punitive damages in an amount to be determined by the jury.

FOR AN EIGHTH CAUSE OF ACTION
(Unfair Trade Practices)
(§39-5-10, et seq.)

63. The Plaintiff realleges each and every relevant allegation set forth above as if fully repeated herein verbatim.

64. The Defendant's conduct amounted to unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.

65. Moreover, the unfair deceptive acts and practices on behalf of the Defendant has an impact upon the public interest and have the potential for repetition.

66. The Plaintiff is informed and believes the Defendant unfairly, deceptively, and wrongfully engaged in improper insurance practices relating to the sale of insurance, representation of terms and policy conditions, and investigating, processing, and payment of claims. The Defendant is still in the business of contracting for coverages of insurance and investigating, processing, and paying claims under these contracts. The Plaintiff further believes the Defendant will continue to unfairly, deceptively, and wrongfully sell, fail to properly investigate, process, and pay claims for coverages under policies of insurance.

67. By virtue of the Defendant's unfair and deceptive acts and practices, the Plaintiff has been actually damaged.

ELECTRONICALLY FILED - 2021 Jun 18 4:43 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2101345

68. The Defendant's use or employment of unfair or deceptive methods, acts, and practices was willful, wanton, and knowing; therefore, the Plaintiff is informed and believes it is entitled to an award of three (3) times the actual damages sustained, costs, reasonable attorney's fees, and for such other relief as this Court deems just and proper.

### FOR A NINTH CAUSE OF ACTION
(Negligence)

69. The Plaintiff realleges each and every relevant allegation set forth above as if fully repeated herein verbatim.

70. The Defendant owed duties to the Plaintiff, including but not limited to, a duty to read, understand, and adequately explain and represent coverages provided in the policy of insurance to the Plaintiff; adopting and implementing reasonable standards to ensure a prompt investigation and settlement of claims under its policies; to promptly and properly investigate and effect a prompt, fair and equitable settlement of claims submitted; and properly training and supervising its employees in the performance and execution of the above referenced duties.

71. The Plaintiff is informed and believes the Defendant has breached its duty of care owed to the Plaintiff in the following particulars:

    a. Denying Plaintiff's claim without a reasonable basis for the denial;

    b. Failing to conduct a reasonably thorough investigation of the Plaintiff's claim before denying the claim;

    c. Unjustified and unreasonable delay in payment of the claim;

    d. Engaging in intentional deceptive practices and misrepresentations in regard to insurance coverages;

    e. Wrongfully failing to pay benefits;

13

ELECTRONICALLY FILED - 2021 Jun 18 4:43 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2101345

      f. Failing to adopt and implement reasonable standards for the prompt investigation and payment of the Plaintiff's claim;

      g. Not attempting in good faith to effect proper, fair and expeditious payment of claims submitted;

      h. Compelling the Plaintiff to institute this lawsuit to recover for coverages due him;

      i. Failing to deal with the Plaintiff in good faith;

      j. Failing to properly train and supervise its employees in the performance and execution of their duties;

      k. Failing to adequately inspect the damage; and

      l. Failing to adequately follow up on the initial erroneous inspections by sending the same adjustor rather than an independent adjustor.

72. As a direct and proximate result of the negligence, wantonness, recklessness, carelessness, and unlawfulness on the part of the Defendant, the Plaintiff has been actually damaged.

73. The Plaintiff is informed and believes the Defendant's negligence was willful, intentional, with malice towards the Plaintiff, and with a reckless disregard for the rights of the Plaintiff; concomitantly, the Plaintiff requests an award of punitive damages in an amount to be determined by the jury.

WHEREFORE, the Plaintiff respectfully seeks judgment against the Defendant, jointly and severally, for an award of actual damages, punitive damages, treble damages, attorney's fees, costs, for prejudgment interests, and for such other and further relief as this Court may deem just and proper.

*-Signature Page to Follow-*

ELECTRONICALLY FILED - 2021 Jun 18 4:43 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2101345

June 18, 2021
Florence, South Carolina

s/Gary I. Finklea  S.C. Bar # 66174
Gary I. Finklea
814 W. Evans Street (29501)
Post Office Box 1317
Florence, SC 29503-1317
Telephone: (843) 317-4900
Fax: (843) 317-4910
Email: gfinklea@finklealaw.com
ATTORNEY FOR PLAINTIFF

# FHB  FINKLEA, HENDRICK & BLAKE, LLC
## ATTORNEYS AND COUNSELORS AT LAW

Gary I. Finklea
Charlie J. Blake, Jr.
J. Gregory Hendrick
Patrick B. Ford
Susan C. McGill
William J. Edwards
B. Hicks Harwell, Jr. (1933-2012)

July 9, 2021

**VIA CERTIFIED MAIL-RESTRICTED-RR**
Brotherhood Mutual Insurance Services, LLC
Attention: Managing Officer
Post Office Box 2228
Fort Wayne, Indiana 46801-2228

Re:  Compassion Church Florence, Inc. vs.
Brotherhood Mutual Insurance Services, LLC
Case No.: 2021CP2101345
Our File No.: 21382GFVB

Dear Sir/Madam:

In regard to the above-referenced case, please find enclosed and served upon you the following: Summons and Complaint.

With kindest regards, I am

Very truly yours,

GARY I. FINKLEA
gfinklea@finklealaw.com

GIF/vlb
Enclosures

Cc:  Compassion Church Florence, Inc.

Reply to: Post Office Box 1317, Florence, SC 29503 • (P) 843-317-4900 • (F) 843-317-4910
814 W. Evans Street, Florence, SC • 2554 US-76 E, Marion, SC • 101 S. Main Street, Hemingway, SC

REAL ESTATE • BUSINESS TRANSACTIONS • LITIGATION • PROBATE • CONSUMER LAW • DOMESTIC
PERSONAL INJURY • WORKERS' COMPENSATION • CRIMINAL LAW • SOCIAL SECURITY DISABILITY
FINKLEALAW.COM